IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 15, 2001 Session

## RICK RICHARDS v. TRACI RENAE DOMALIK

**Appeal from the Circuit Court for Hawkins County**
**No. 5028J      John K. Wilson, Judge**

**FILED APRIL 10, 2001**

**No. E2000-01882-COA-R3-CV**

---

This is a tort action arising out of an accident involving a bicycle and an automobile. The plaintiff was riding his bicycle on the shoulder of the highway facing traffic. The driver of the automobile was to the plaintiff's left and was preparing to turn right out of the premises of a restaurant onto the highway. As the plaintiff moved to his left and started to pass in front of the automobile, the vehicles collided and the plaintiff was injured. The plaintiff brought this action seeking to recover compensatory damages. The jury returned a verdict for the defendant, finding the plaintiff 75% at fault. The plaintiff appeals, asserting, *inter alia*, that the jury charge was erroneous and that this error warrants a new trial. We vacate the judgment below and remand for a new trial.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HERSHCEL P. FRANKS, and D. MICHAEL SWINEY, JJ., joined.

Phillip L. Boyd, Rogersville, Tennessee, for the appellant, Rick Richards.

Suzanne S. Cook, Kingsport, Tennessee, for the appellee, Traci Renae Domalik.

### OPINION

I.

The accident that led to this litigation occurred on, or near, the right-of-way of State Highway 66 in Rogersville. At the site of the accident, Highway 66 is a two-lane highway running north and south. The traffic lanes are separated by a center turn lane and are bordered on each side by a paved shoulder, each shoulder appearing in the photographs to be somewhat less than the width of one of the traffic lanes. A solid white line separates each shoulder from its adjacent traffic lane. There are a number of fast-food restaurants and other businesses on the east side of Highway 66.

On May 24, 1997, the plaintiff, Rick Richards, and his son were riding their bicycles along the east shoulder of Highway 66, facing traffic. The defendant, Traci Renae Domalik, was attempting to leave the premises of the Pizza Plus restaurant located on the east side of Highway 66. She intended to turn right and proceed north on Highway 66. As Richards and his son approached the Pizza Plus restaurant on their left, Richards noticed Domalik's vehicle stop and start several times as it moved in the direction of the highway. Domalik was looking to her left for traffic proceeding north and did not see Richards approaching from her right. Richards, however, did see Domalik's vehicle. As they approached Domalik, Richards told his son to "watch the car because [he] didn't know what she was going to do." Although he could have stopped, he did not, nor did he attempt to attract Domalik's attention in any way.

As Richards approached, Domalik's vehicle was four to six feet from the shoulder. Having decided to pass Domalik, Richards, instead of staying on the shoulder, swung into the parking lot closer to the front of Domalik's vehicle. At the same time, Domalik let her foot off the brake and her vehicle moved forward, striking Richards on his left leg with the left side of her bumper. The impact apparently[1] occurred in the paved area of the premises of the restaurant.

At trial, Richards acknowledged his deposition testimony to the effect that, earlier in the day, he and his son were riding in the same direction as traffic "like I am supposed to." He admitted that he was familiar with the area, knew that it was a busy area, and was aware that cars could pull out suddenly from the business establishments along the highway. Although he answered at trial in the negative when asked if he knew whether Domalik had seen him approaching, he also stated that he "figured" she had.

At trial, Richards sought, by way of various motions and special requests for jury charges, (1) to prohibit Domalik from questioning him concerning whether his bicycle was equipped with bells, whistles, or horns; (2) to exclude evidence relating to the fact that Richards was riding his bicycle facing oncoming traffic; (3) to secure a charge to the jury that he was not required to ride with traffic; and (4) to obtain a charge that the Rules of the Road, *see* T.C.A. § 55-8-101 *et seq.*, do not apply to the facts of his case in light of the location of the accident.

The jury returned a verdict finding Richards 75% at fault and Domalik 25% at fault. Richards now appeals, arguing that the trial court made several errors in its rulings of law and that there is no material evidence to support the jury verdict. Domalik responds that the jury verdict is supported by material evidence and that the trial court's errors, if any, were harmless.

---

[1]We say apparently because the record does not reflect the precise boundaries of the right-of-way of Highway 66.

II.

A.

Richards first argues that the trial court erred in allowing Domalik to question him as to whether his bicycle was equipped with bells, whistles, or horns. He argues that such questioning sent a message to the jury that he was under a legal duty to have such accoutrements, which "duty," according to Richards, is not to be found at common law or as a part of the statutory law. Domalik responds that the questions were proper and did not convey the message claimed by Richards.

Our review of the record persuades us that Domalik is correct. We find no suggestion in the questioning of Richards that the plaintiff was under a statutory duty to have his bike equipped with horns, bells, or whistles. The questioning on this subject was limited in nature and there is nothing in the evidence, argument, or jury instructions that could have led the jury to reasonably believe that failure to have horns, bells, or whistles on a bicycle constitutes a *per se* violation of some statutory law about which the jury received no instruction from the court. On the subject of common law negligence, we find that the line of questioning under discussion is relevant to the issue of whether Richards attempted to warn Domalik of his presence. This line of inquiry was a proper prelude to proving that Richards did not warn Domalik that he was approaching from her right. Thus, we find no error in the trial court's overruling of Richards' objection to this line of questioning. However, even if the trial court's ruling on this issue was error, such error, given the evidence in this case, would not constitute one "involving a substantial right [that] more probably than not affected the judgment." Tenn. R. App. P. 36(b).

B.

The essence of Richards' remaining issues on appeal is that the jury was not properly charged regarding the standard of care applicable to his conduct. He asserts that the jury was instructed as to certain statutes that do not apply to his conduct. He also argues that the error was compounded when the trial court refused to charge other statutes that have the effect of excepting his conduct out of the statutes that were erroneously charged. Domalik, on the other hand, asserts that the trial court gave a proper charge to the jury, and that, even if errors were made in the charge, they are not such as to warrant a new trial. For the reasons stated below, we find that the trial court erred in charging the jury as to two statutes that were not applicable to the facts of this case. Since these two statutes should not have been charged to the jury, we focus on the effect of this error rather than specifically addressing the "error" of failing to tell the jury why the two statutes are not applicable to the plaintiff's conduct.

This Court has previously held that

> [t]he rule in Tennessee is that the trial court should instruct the jury
> upon every issue of fact and theory of the case raised by the pleadings
> and supported by the proof. More specifically, where a special

-3-

> instruction that has been requested is a correct statement of the law, is not included in the general charge, and is supported by the evidence introduced at trial, the court should give the instruction. When the denial of a request which ought to have been given prejudices the rights of the requesting party, the judgment should be reversed.

*Underwood v. Waterslides of Mid-America*, 823 S.W.2d 171, 178 (Tenn. Ct. App. 1991) (citations omitted). In addition to this rule requiring the inclusion of applicable instructions, it is also clear that jury instructions "should not contain inaccurate or inapplicable statements of legal principles that might tend to confuse the jury." *Ingram v. Earthman*, 993 S.W.2d 611, 636 (Tenn. Ct. App. 1998).

Among the instructions that Richards asked the trial court to charge are the statutory definitions of "bicycle," "highway," "laned roadway," and "roadway." The trial court denied this request, saying that "it's covered basically in the general charge."

The court charged the jury, in pertinent part, as follows:

> The Court's going to read to you certain statutes concerning law as it pertains to the roads in the State of Tennessee. Tennessee Code Annotated, 55-8-115, driving on right side of roadway upon all roadways is sufficient when a vehicle shall be driven upon the right half of the roadway. 55-8-136, drivers shall exercise due care notwithstanding the foregoing provisions to this chapter. Every driver of a vehicle shall exercise due care to avoid colliding with any pedestrian upon any roadway, and that one won't be applicable here, except that the Court – just disregard that, because it talks about pedestrians, ladies and gentlemen. I apologize. 55-8-172, traffic law apply to persons riding a bicycle. Every person riding a bicycle upon the roadway is granted all the rights and is subject to all the duties applicable to the drivers of a vehicle by this chapter. Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving. The Court has charged you with the statutes concerning the driving on roads in the State of Tennessee in this case.

As can be seen, the trial court only charged the jury with respect to two statutes by their Code numbers: T.C.A. § 55-8-115 (1998) and T.C.A. § 55-8-172 (1998).[2]

T.C.A. § 55-8-115 provides, in pertinent part, as follows:

---

[2]The trial court's charge also refers to T.C.A. § 55-8-136, but the court, after mentioning it to the jury, noted that it was not applicable to the facts of this case.

(a) Upon all *roadways* of sufficient width, a vehicle shall be driven upon the right half of the *roadway*....

\* \* \*

(b) Upon all *roadways* any vehicle proceeding at less than the normal speed of traffic at the time and place and under the conditions then existing shall be driven in the right-hand lane then available for traffic, or as close as practicable to the right-hand curb or edge of the *roadway*, except when overtaking and passing another vehicle proceeding in the same direction or when preparing for a left turn at an intersection or into a private road or driveway.

(Emphasis added). A "vehicle," as defined in the Rules of the Road, includes a bicycle. *See* T.C.A. § 55-8-101(72) (Supp. 2000).[3]

T.C.A. § 55-8-172 provides, in pertinent part, as follows:

(a) Every person riding a bicycle upon a *roadway* is granted all of the rights and is subject to all of the duties applicable to the driver of a vehicle by this chapter and chapter 10, parts 1-5 of this title, except as to special regulations in §§ 55-8-171 -- 55-8-177, and except as to those provisions of this chapter and chapter 10, parts 1-5 of this title which by their nature can have no application.

(Emphasis added).

As can be seen, each of the statutes charged to the jury by Code number applies to persons traveling on a *roadway*. Significantly, a roadway is defined as excluding the *shoulder* of the road:

"Roadway" means that portion of a highway improved, designed or ordinarily used for vehicular travel, *exclusive of the berm or shoulder*. In the event a highway includes two (2) or more separate roadways, "roadway" refers to any such roadway separately but not to all such roadways collectively.

T.C.A. § 55-8-101(50) (Supp. 2000) (Emphasis added). A "highway," as that word is used in T.C.A. § 55-8-101(50), is defined as "the entire width between the boundary lines of every way when any

---

[3]T.C.A. § 55-8-101(72) provides as follows:

"Vehicle" means every device in, upon or by which any person or property is or may be transported or drawn upon a highway, excepting devices used exclusively upon stationary rails or tracks....

part thereto is open to the use of the public for purposes of vehicular travel." T.C.A. § 55-8-101(22) (Supp. 2000). Thus, the two statutes charged to the jury only apply to travel on roadways and expressly do not apply to travel on the shoulder of a highway, the portion of the highway upon which the plaintiff was bicycling as he approached the site of the accident.

The evidence presented at trial reveals that Richards was, prior to impact, traveling on the shoulder of the highway, and was, at impact, arguably in the Pizza Plus parking lot. Thus, he was not on a "roadway" either before or at the time of impact. Therefore the statutes charged to the jury are not applicable.

As previously stated, instructions to the jury are not to "contain inaccurate or inapplicable statements of legal principles that might tend to confuse the jury." **Ingram**, 993 S.W.2d at 636. Accordingly, the jury charge with respect to T.C.A. §§ 55-8-115 and -172 was erroneous in the sense that the statutes do not apply to this case. They should not have been charged to the jury.

Domalik argues that any error of the trial court in its charge does not warrant a new trial. We disagree. We find and hold that the trial court's error warrants the vacating of the trial court's judgment under the applicable standard:

> A final judgment from which relief is available and otherwise appropriate shall not be set aside unless, considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process.

Tenn. R. App. P. 36(b).

In our judgment, the trial court's error in charging these two statutes – the only statutes upon which the jury was instructed by Code number – "involv[es] a substantial right [that] more probably than not affected the judgment." In this case, we find it very significant that the jury was charged with respect to two statutes that do not apply to the facts of this case. It is true that the trial court, in addition to the above quoted charge, instructed the jury on the principles of common law negligence. We recognize that arguably there is material evidence to support the jury's conclusion based upon common law principles of negligence. But we cannot say, with any degree of confidence, that the jury based its verdict upon the common law and not upon the erroneously charged statutory law. We simply cannot ignore the fact that the trial court, by charging the jury with respect to T.C.A. §§ 55-8-115 and -172, erroneously instructed the jury, in effect, that the plaintiff should have been riding his bicycle with southbound traffic and as far to the right of the roadway as possible. This was not the case and such a charge was reasonably calculated to confuse the jury as to the plaintiff's duty in this case. Accordingly, we find that the erroneous charge warrants a new trial in this case.

-6-

C.

In order to give the trial court additional guidance on remand, we will now look at another of Richards' arguments on appeal; and, in addition, we will address another statute that may be applicable to this case.

Richards sought to exclude evidence and argument relating to the fact that he was riding his bicycle against the flow of traffic. He asked the trial court to charge the jury as follows:

> I charge you that if you find the facts to be that this accident happened on private property, then the Rules of the Road do not apply since it did not occur on a public roadway. The location of the accident which occurred in this case is of great importance and it is up to you to determine whether it occurred on public or private property.
>
> I charge you further that if it occurred on private property, the Rules of the Road do not apply and that the duties, liabilities, and responsibilities of the respective parties are governed by basic principles of common law negligence requiring each person to exercise ordinary and reasonable care which ordinarily careful and prudent persons would exercise under the same or similar circumstances.

The trial court denied this request and charged the jury as follows:

> The common law, that's the Rules of the Road, will apply to accidents that – will and may apply to accidents that occur on private property. However, both may apply, that's the statutes in common law, if the accident occurs involving both the traveled public road and a private parking area.

We believe that the charge requested by the plaintiff is not entirely correct. Among other deficiencies, we do not believe it appropriate to use words such as "of great importance" as if to imply that other matters are of lesser importance. By the same token, we find the trial court's charge somewhat confusing in that it equates the common law with statutory law and combines the verbs of "will" and "may" in the same thought. Accordingly, we find that neither charge is completely accurate.

We find and hold that on remand the jury should be instructed that if they determine that this accident occurred on the shoulder of the road or on private property, then "the duties and liabilities of the respective drivers must be governed by the basic principles of common law negligence requiring each person to exercise ordinary and reasonable care which an ordinarily careful and prudent person would exercise under the same or similar circumstances." *Miller v. Berry*, 457

S.W.2d 859, 862 (Tenn. Ct. App. 1970).  We also note that the *Miller* case indicates that there may be "widely recognized and established practices used in operating vehicles by reason of the common or statutory law," *id*., that are applicable to private areas off the highway.  Just such a "practice" is found in T.C.A. § 55-10-205 (1998),[4] the reckless driving statute, which was charged by the trial court (although not referred to by Code number) and should be charged again at the new trial.  If the trial court on remand decides that there are other such "established practices," it should charge the jury with respect to these practices.

We note that in addition to arguing that the Rules of the Road do not apply to him because the accident occurred on private property, Richards argues that T.C.A. § 55-8-175(a)(1) (1998) does not prohibit him from riding against traffic so long as he is off the "roadway."  That statute provides as follows:

> Any person operating a bicycle upon a *roadway* at less than the normal speed of traffic at the time and place and under the conditions then existing shall ride as close as practicable to the right-hand curb or edge of the *roadway*….

(Emphasis added).  We agree with Richards that this statute does not apply to him because, again by definition, he was not "operating a bicycle upon a roadway" since he was not on a "roadway" as that concept is addressed in T.C.A. § 55-8-101(50).  As he approached the site of the accident, he was on the shoulder and not on the roadway.  At the time of the collision, he was either on the extreme left side of the right-of-way or on private property.  Lest there be any doubt in the minds of the jurors as to whether the plaintiff was violating a statute in proceeding as he was, the jury should be instructed that there is no statute that prohibits the operator of a bicycle from proceeding against traffic if he or she is off of the roadway.  We hasten to add, however, that although there is no statute prohibiting one from riding a bicycle on the shoulder of the road or on private property facing oncoming traffic, this does not mean that such a person is excused from exercising due care for his or her own safety and the safety of others, and the jury should be so instructed.

While not applicable here, it is clear that if a person chooses to operate a bicycle on the roadway, not on the shoulder, he or she must proceed with traffic and "as close as practicable to the right hand curve or edge of the roadway." T.C.A. § 55-8-175.

There is another statute that may or may not be applicable to this case depending upon the location of the collision between the vehicles.  T.C.A. § 55-8-131 (1998) provides as follows:

---

[4]T.C.A. § 55-10-205(a) provides as follows:

> Any person who drives any vehicle in willful or wanton disregard for the safety of persons or property commits reckless driving.

> The driver of a vehicle about to enter or cross a highway from a
> private road or driveway shall yield the right-of-way to all vehicles
> approaching on the highway.

The jury should be charged on remand that if they find that Richards was "approaching on the highway," *i.e.*, on any part of the "width between the boundary lines" of Highway 66, *see* T.C.A. § 55-8-101(22), just prior to the time of the collision, they should go further and consider Domalik's duty under T.C.A. § 55-8-131. The jury should be further charged that if they find, on the other hand, that Richards, just before the accident, was approaching on *private property*, T.C.A. § 55-8-131 is, by its language, not applicable to Domalik's conduct and should not be considered by the jury. Since the subject statute contains the words "highway" and "private road or driveway," the definitions of those words should also be charged. *See* T.C.A. §§ 55-8-101(22) and (43) (Supp. 2000).

There is a caveat to the instruction contained in the preceding paragraph. Our comments regarding a jury charge on T.C.A. § 55-8-131 are based upon the record now before us. In the final analysis, whether and how the trial court will charge this statute depends upon the state of the record before the court immediately preceding its charge to the jury at the new trial.

III.

The judgment of the trial court is vacated. Costs on appeal are assessed against the appellee. This case is remanded to the trial court for a new trial, consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE